# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BENJAMIN OLLIE**                                                            **PLAINTIFF**

**V.**                                                                     **CASE NO. 1:08CV302**

**TOMBIGBEE ELECTRIC POWER ASSOCIATION**                **DEFENDANT**

## ORDER

This cause comes before the court on the motion of defendant, Tombigbee Electric Power Association ("Tombigbee Electric"), seeking summary judgment.

Plaintiff, Benjamin Ollie, alleges Tombigbee Electric terminated his employment because of his race. Ollie was hired by Tombigbee Electric on August 20, 2001 as a member of a right-of-way crew. On March 10, 2004, Ollie was promoted to meter reader.

Meter readers receive on the job training. Before Ollie was promoted he was trained by Maurice Miller. The first day Ollie received training, February 25, 2004, Miller rode with Ollie. That day Ollie drove across the median of Highway 45 in order to avoid a traffic jam. On March 31, 2004 Ollie received a written warning for that behavior.

Ollie never received another written warning while an employee of Tombigbee Electric. On March 13, 2008 Ollie was terminated.

Ollie was informed that he was terminated because of a customer complaint. On March 12 Ollie drove his truck around a customers home on a gravel drive. That customer complained that Ollie may have damaged some piping in that area and caused ruts in the gravel.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Tombigbee Electric argues it is entitled to summary judgment because Ollie can not make a *prima facie* case of discrimination or that even if he can make a *prima facie* case he can not rebut its legitimate non-discriminatory reason for terminating him.

Claims of racial discrimination are governed by the evidentiary standard adopted in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973). Under *McDonnell Douglas*, the plaintiff has the initial burden of making out a *prima facie* case. *Id*. at 802. Once the plaintiff has established a *prima facie* case the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the employment decision. *Id*. at 802-03. If the defendant is able to articulate a legitimate reason for its action the ultimate burden rests on the plaintiff to prove the employment decision was the result of a discriminatory practice. *Id*. at 804.

In order to make out his *prima facie* case, Ollie must show that: (1) he is a member of a protected class; (2) he was qualified for the job in question; (3) he was subject to an adverse employment decision; and, (4) he was replaced by someone outside his protective class or was treated differently than a similarly situated employee outside his protective class. *Okoye v.*

*University of Texas Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 184 (5th Cir. 1999); *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982)).

Ollie is a member of a protected class, Ollie is qualified as a meter reader, and when he was fired Ollie suffered an adverse employment decision. Tombigbee Electric only disputes that Ollie can prove the fourth prong of the *prima facie* test.

Among other assertions Ollie claims he was replaced by a white employee. Tombigbee Electric's corporate representative, William Long, admitted Ollie's replacement was white. This establishes a *prima facie* case.

Tombigbee has produced evidence that it fired Ollie because he improperly used his company vehicle, possibly causing damage to a customer's property. This is certainly evidence it had a legitimate non-discriminatory reason for firing Ollie. The burden then shifts to Ollie to prove his termination was the result of a discriminatory practice.

Ollie does not disagree that the reason given for his termination could be non-discriminatory, but argues that it is simply pretext for Tombigbee Electric's decision. In support of this argument Ollie that alleges white employees with discipline problems were treated differently than similarly situated black employees, and that some of Tombigbee Electric's evidence was falsely created in preparation for this litigation.

Ollie offers a number of inadmissible hearsay statements to argue that white employees and black employees were treated differently. However, he does offer two admissible pieces of evidence which tend to show Tombigbee Electric dealt with whites and blacks differently.

Long testified that a white employee allegedly followed a customer home and exposed

himself to her. The company believed its employee when he denied this behavior. Tombigbee Electric investigated and decided that since no charges were filed they would not terminate the employee just because of this allegation.

Long also testified that a white employee was cited for Driving Under the Influence and was without a license for a few days. Again Tombigbee Electric waited to see if the employee would be able to regain his license before making a termination decision. Within a few days the employee was able to drive again and remained with the company.

In Ollie's case the company did not investigate the incident in question, rather Tombigbee Electric immediately terminated Ollie. The incident in question was apparently caught on a security camera. As such Ollie's alleged act could easily have been investigated more accurately and efficiently than the actions of the alleged flasher.

A jury could infer from Tombigbee Electric's failure to investigate claims against a black employee when it did investigate claims against a white employee that it treated white and black employees differently.

Further Ollie alleges Tombigbee created a memorandum outlining problems in his work history only after it had decided to fire him. There does not seem to be any dispute about that timeline. Tombigbee Electric claims the memo was created solely for the purpose of memorializing multiple policy violations that had taken place over the previous three or four years. Ollie claims those events never happened.

There is no doubt that this evidence is inadmissible for the purposes of proving Ollie had performance issues because it was created in preparation of this litigation. It is, however, admissible to show how Tombigbee Electric potentially tried to cover its discriminatory motive.

Long testified that in the normal operation of Tombigbee Electric an employee who

committed any serious violations of company policies would be counseled and asked to sign a write up. He testified minor violations were often handled verbally. He went on to state that employees were normally terminated at the issuance of a third written warning.

Ollie recieved one written warning approximately four years before his termination. The next written warning in the record is at his termination. This is not consistent with the general procedure as explained by Long. This inconsistency alone is not enough to imply a discriminatory motive on the part of Tombigbee Electric. The memo created outside this process, however, does raise questions as to the credibility of Tombigbee Electric's story.

A jury could infer from the facts presented that if Ollie had actually committed all the listed company violations he would have been written up multiple times and terminated.

Tombigbee Electric had a legitimate reason to fire Ollie. However, taking the facts in the light most favorable to Ollie it is possible that discriminatory motives caused Ollie's firing. As such Ollie has created a viable jury question as to why he was terminated.

Tombigbee Electric also seeks summary judgment as to any punitive damage claim raised by Ollie. In order to recover punitive damages in this type of action Ollie only needs to show Tombigbee Electric acted with malice or reckless indifference towards the law. *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536-37 (1999).

Both parties agree Tombigbee Electric was aware Ollie could not legally be fired because of his race. If Tombigbee fired Ollie because of his race, knew that such a termination was unlawful, and went ahead with the unlawful practice anyway, it can potentially be liable for punitive damages. In almost all cases where a plaintiff survives summary judgment relying on a pretext argument the plaintiff has created a jury question as to whether his employer's action was taken with malice or reckless indifference to the law. This case is no exception.

Tombigbee Electric's motion [29] for summary judgment is DENIED.

This the 30th day of April, 2010.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**